On June 20,1975 the court issued the following order:
Before SkeltoN, Judge, Presiding, Kunzig and BeNNett, Judges.
“This case is before the court on defendant’s motion for summary judgment which challenges our jurisdiction over plaintiffs’ claim of a taking compensable under the fifth amendment on the grounds that it is really a tort claim. Plaintiffs owned a helicopter which was seized on October 12, 1972, by defendant to enforce a lien on account of the helicopter’s use in alleged violation of federal aviation regulations for which civil penalties may be imposed. See 49 U.S.C. §§ 1430(a), 1473(b); 14 C.F.B. §§ 91.39 and 133.11. The helicopter was returned to plaintiffs on May 31,1974, when they posted a security bond. Plaintiffs allege as the basis of a claim of permanent taking that their aircraft was damaged beyond repair while in defendant’s possession because defendant did not exercise a proper degree of care. Plaintiffs claim several millions of dollars in direct, consequential, and special damages including lost anticipated profits and damages for ‘grievous and continuous pain, suffering, and mental anguish.’
“It is defendant’s position that its action was an authorized exercise of sovereign power, akin to police power, which is *974 not compensable as a taking for public use would be. It points out that no public use was made of the helicopter. In this defendant is correct. Franco-Italian Packing Co. v. United States, 130 Ct. Cl. 736, 745-46, 128 F. Supp. 408, 413-14 (1955); Finks v. United States, 184 Ct. Cl. 480, 489, 395 F. 2d 999, 1003-004, cert. denied, 393 U.S. 960 (1968). A seizure or forfeiture statute helps to compensate the Government for its authorized enforcement efforts or provides security for penalties and fines. Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, n. 26 at 687 (1974) ; Doherty v. United States, 205 Ct. Cl. 34, 500 F. 2d 540 (1974). Invocation of the due process clause of the fifth amendment is not enough to confer jurisdiction on this court, without more. Eastport S.S. Corp. v. United States, 178 Ct. Cl. 599, 605-07, 372 F. 2d 1002, 1007-009 (1967).
“Careless performance of a duty allegedly owed sounds in tort. United States v. Neustadt, 366 U.S. 696 (1961) ; Somali Development Bank v. United States, 205 Ct. Cl. 741, 508 F. 2d 817 (1974); Columbia Basin Orchard v. United States, 132 Ct. Cl. 445, 452, 132 F. Supp. 707, 710 (1955). The Court of Claims has no tort jurisdiction. 28 U.S.C. § 1491; Myers v. United States, 206 Ct. Cl. 863 (1975). Nor are consequential damages allowable even if there is a taking. Hartwig v. United States, 202 Ct. Cl. 801, 485 F. 2d 615 (1973); R. J. Widen Co. v. United States, 174 Ct. Cl. 1020, 357 F. 2d 988 (1966). Lost anticipated profits are likewise not recoverable in such cases. United States v. General Motors Corp. 323 U.S. 373 (1945).
“Plaintiffs also assert a temporary taking for the period from, seizure until return of their aircraft. The court rejects this allegation because the period of deprivation was within plaintiffs’ control at all times. Under the statute, 49 U.S.C. § 1473 (b) (3) they could have regained their aircraft by paying the penalty, or by posting bond at nominal cost, which they ultimately did. We express no opinion on the validity of the regulations or statutes under which the seizure was effected or about the due process of the seizure. These matters were not briefed to us and are in litigation elsewhere.
“There is no dispute before the court as to any material fact necessary to decide the pending motion.
*975 “it is therefore ordered that, upon consideration of defendant’s motion for summary judgment and plaintiffs’ responses thereto and upon authority of the statutes and cases cited and for the reasons above, without oral argument, defendant’s motion for summary judgment be and the same is granted. The petition is dismissed.”
Plaintiffs’ motion for modification of the foregoing order was denied October 10,1975.